**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:21CV-P114-JHM**

**ISAIAH TYLER**                                                                                                 **PLAINTIFF**

v.

**CITY OF HENDERSON, KY** *et al.*                                                          **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Isaiah Tyler filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I. SUMMARY OF COMPLAINT**

Plaintiff, an inmate at the Eastern Kentucky Correctional Complex, sues the "City of Henderson, KY"; William Markwell, the Commonwealth's Attorney for Henderson County; and Henderson Circuit Court Judge Karen Wilson. Plaintiff sues Markwell and Wilson in their official and individual capacities.

Plaintiff states that on October 4, 2011, he was convicted of possession of a handgun by a convicted felon following a guilty plea. He states that the "Henderson Circuit Court used my arrest in Texas for possession of marijuana as the basis for indicting me as a convicted felon in possession of a handgun . . . ." He asserts, "For the Texas case I received 4 yrs deferred adjudication . . . [and that] under deferred community supervision I was still allowed to vote as well as possess firearms and ammunition already in my home. I wasn't a felon in Texas or any other jurisdiction at the time." Plaintiff maintains that "charging and convicting me as a felon in possession of handgun at the time was a true violation of my right to due process, 5th, 8th, and 14th amendment of the United States Constitution."

As relief, Plaintiff seeks compensatory and punitive damages, release from custody, an apology, and expungement of his record.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

### A. *"City of Henderson, KY"*

Plaintiff does not make any allegations against the City of Henderson. To the extent that he is attempting to sue the City of Henderson based on its employment of either of the other two Defendants, Markwell and Wilson are both officials or employees of the Commonwealth of Kentucky, and not the City of Henderson. In any event, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto an employer. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Therefore, Plaintiff's claim against the "City of Henderson, KY" must be dismissed for failure to state a claim upon which relief may be granted.

### B. *Markwell and Wilson*

#### 1. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants Markwell and Wilson are state employees or officials. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities.

*Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's official-capacity claims for monetary damages must be dismissed.

Plaintiff also requests injunctive relief in the form of release from custody or expungement of his record. However, release and expungement are not available remedies under § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In addition, Plaintiff's request for injunctive relief in the form of an apology fails to state a claim. *See Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002); *Burkes v. Tranquilli,* No. 08-474, 2008 U.S. Dist. LEXIS 51403, at *13 (W.D. Pa. July 2, 2008) ("To the extent that Plaintiff's requested relief regarding an apology can be construed as a request for injunctive relief against the Defendants, such a claim for injunctive relief fails to state a claim as a matter of law.")

Accordingly, Plaintiff's official-capacity claims against Markwell and Wilson for monetary and injunctive relief must be dismissed for seeking monetary damages from a defendant immune from such relief and for failure to state a claim upon which relief may be granted.

### 2. Individual-capacity claims

Plaintiff identifies Markwell as the Commonwealth's Attorney for Henderson County. Prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797

(6th Cir. 2004).  Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously.  *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).  Because Plaintiff's claim against Markwell is barred by prosecutorial immunity, the individual-capacity claim against him must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, with regard to Plaintiff's claim against Henderson Circuit Court Judge Wilson, judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity.  *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)).  Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself."  *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)).  A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly.  *Mireles*, 502 U.S. at 11.  Judicial immunity can be overcome in only two situations--for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57.  It is evident that the actions alleged in the complaint were in the scope of Wilson's judicial capacity and not beyond her jurisdictional authority.  Therefore, Plaintiff's claim against Wilson in her individual capacity must also be dismissed for failure to state a claim upon which relief may be granted.

For these reasons, the Court will dismiss the action by separate Order.

Date: April 12, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4414.010